**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **LINDSAY GUERRA a/k/a LINDSAY BOFMAN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**KAVULICH & ASSOCIATES PC d/b/a KAVULICH & ASSOCIATES, GARY KAVULICH and BUSHWICK REALTY HOLDINGS LLC,**<br><br>**Defendants.** | **Case No.:**<br><br>**<u>COMPLAINT</u>**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff, by and through her attorney, Abel L. Pierre, Esq., as and for her complaint against the Defendants KAVULICH & ASSOCIATES PC d/b/a KAVULICH & ASSOCIATES (hereinafter "K&A"), GARY KAVULICH, (hereinafter "Kavulich"), and BUSHWICK REALTY HOLDINGS LLC (hereinafter "BRH") alleges as follows alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer for Defendants K&A and Kavulich's violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.
2. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought for Defendants K&A, Kavulich and BRH's violation of the New York General Business Law NY GBS § 349, *et. seq.* and for the common law tort of defamation.

3. Plaintiff was the victim of what is now a common crime—identity theft. A fraudster used Plaintiff's personal information to obtain and rent an apartment with BRH, without Plaintiff's knowledge or consent.

4. Plaintiff has asserted the factual truth—she never applied for nor rented an apartment with BRH, and she did not authorize it. Yet BRH and its attorneys K&A and Kavulich continued to press on.

## JURISDICTION & VENUE

5. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k ("FDCPA") and 28 U.S.C. § 1331.

6. Declaratory relief is available per 28 U.S.C. §§ 2201 and 2202.

7. The Court has supplemental jurisdiction over state claims per 28 U.S.C. § 1367.

8. Venue is proper in this District, as the Plaintiff resides in this district, the Defendants conduct business in this District, and the injury occurred in this District.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant K&A maintains its principal executive office in this District.

## ALLEGATIONS AS TO PARTIES

10. At all relevant times, Plaintiff Lindsay Guerra a/k/a Lindsay Bofman has resided in the State of New York

11. Plaintiff is a "consumer" as that term is defined in the FDCPA, New York General Business Law § 349, and the rules of New York State Department of Financial Services.

12. Upon information and belief Defendant Kavulich & Associates PC d/b/a Kavulich & Associates is a domestic professional service corporation that did transact and do now presently transact business in the State of New York.

13. Defendant K&A is authorized to conduct business in the State of New York through its principal office 181 Westchester Avenue, Suite 500C, Port Chester, New York 10573.

14. Upon information and belief, the principal purpose of K&A is in the business of the collection of defaulted debts that it purchased, using the legal system, instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

15. Upon information and belief Defendant K&A is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6).

16. Upon information and belief, Defendant GARY KAVULICH is a natural individual, an agent of the "debt collector" K&A, a main financial beneficiary of "debt collector" K&A, an individual with a principal place of business located at "debt collector" K&A, and/or controls and/or supervises the debt collection activities of "debt collector" K&A.

17. Mr. Kavulich therefore is a "person who uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Mr. Kavulich is a debt collector as defined by 15 U.S.C. § 1692a(6) and Mr. Kavulich is accordingly liable for the acts of Defendant K&A.

18. Upon information and belief, Defendant BUSHWICK REALTY HOLDINGS LLC is a domestic limited liability company that did transact and does now presently transact business in the State of New York.

19. Defendant BRH is authorized to conduct business in the State of New York through its office located at 143 Division Avenue, Brooklyn, New York 11211.

20. At all times relevant hereto, BRH in the ordinary course of business, regularly rents or leases houses, apartments, condominiums, land, or real estate to individuals or businesses which is payable by the terms of an agreement or lease.

21. Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from Plaintiff.

22. Defendants are subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## FACTUAL ALLEGATIONS

### *Plaintiff Discovers the Collection Activity Against Her*

23. Plaintiff adopts and realleges the foregoing as fully restated herein.

24. Previously, Plaintiff was the victim of identity theft. An unknown fraudster obtained and used Plaintiff's personal information to open various accounts and/or leases without permission.

25. On a date unknown to Plaintiff, a debt that was incurred by someone primarily for personal, family or household purposes as defined by 15 U.S.C. § 1692a(5) was consigned, placed or otherwise transferred to Defendants K&A and Kavulich for collection.

26. Consequently, to Plaintiff's dismay, Defendants K&A and Kavulich began their collection efforts to collect said debt from Plaintiff.

27. With the debt being placed with Defendants K&A and Kavulich for collection from the Plaintiff, a representative of K&A contacted the Plaintiff to notify her of an imminent filing of a Civil Court Action against her. K&A's representative in that communication to the Plaintiff admitted the unknown person who rented the apartment from BRH was identified

as an African American female who is employed by the City of New York. The Plaintiff is a Caucasian female, who does not maintain employment with the City of New York.

28. On or about October 31, 2024, Defendant BRH, via its attorneys K&A, filed an action against the Plaintiff to recover this alleged debt in the Supreme Court of the State of New York, County of Kings, entitled *Bushwick Realty Holdings LLC v. Lindsay L. Bofman*, Index No.: 529406/2024 ("Civil Court Action").

29. Subsequently, sometime in or around November 2024, Plaintiff was put on notice that she was sued for the use and occupancy of an apartment she supposedly rented located at 340 Evergreen Street, Brooklyn, New York 11221.

30. Upon notification that the Civil Court Action was filed against her to recover sums in an amount of over forty-two thousand dollars, the Plaintiff was dismayed upon the realization that the unknown fraudster was responsible for this alleged debt.

31. Any and all signatures on any document obtaining and using an apartment from Defendant BRH are not those of Plaintiff, and Plaintiff did not authorize anyone to sign on her behalf.

32. Plaintiff did not authorize nor consent to the use of her personal information and identification to obtain a lease agreement from any realty company.

33. Defendants were notified by Plaintiff that she never occupied nor used any apartment owned or maintained by BRH and she did not authorize anyone to do so on her behalf. Yet, Defendants pressed on with their collection efforts.

34. Defendants were notified by the Plaintiff that she never applied for an apartment lease nor authorized any applications for leasing an apartment from BRH. Yet, Defendants pressed on with their collection efforts.

35. At the time the Civil Court Action commenced BRH and their attorneys K&A knew Plaintiff did not owe this debt.

36. At the time Civil Court Action commenced BRH and their attorneys K&A did not engage in any meaningful review of the debt they sought to collect in order to determine if Plaintiff owed the debt.

37. At the time Civil Court Action commenced BRH and its attorneys K&A knew or should have known that Plaintiff did not reside in the jurisdiction she was sued in and did not reside in the jurisdiction she was sued in during the course of their alleged use and occupancy claim against the Plaintiff.

38. At the time the Civil Court Action commenced BRH and their attorneys K&A knew there was no agreement in writing between the Plaintiff and Defendants, that authorized the collection of this alleged debt.

39. Defendant BRH and its attorneys K&A, commenced the Civil Court Action against the Plaintiff by filing a Summons with Notice on or about October 31, 2024. On or about January 10, 2025, Plaintiff filed and served upon Defendants an Answer and Demand for Complaint, demanding that Defendants serve a complaint upon Plaintiff. Defendants have yet to serve the Plaintiff with their Complaint.

40. Consequently, Defendants have maliciously sought to collect the debt from the Plaintiff.

41. Defendants' actions were to coerce the Plaintiff into paying a debt that is not owed by the Plaintiff.

42. At no time has Plaintiff had any accounts open or agreements with Defendants.

43. The Plaintiff has never had any business relationship with Defendants, however, by Defendants contacting the Plaintiff and commencing legal action against the Plaintiff, it is

tantamount to admitting there is a business relationship between Defendants and the Plaintiff.

44. Defendants had no right to assert a relationship with the Plaintiff as they had no contractual or *in rem* relationship with the Plaintiff. Furthermore, Defendants had no reason whatsoever to send collection communications to or commence legal action against the Plaintiff seeking payment on a debt the Plaintiff never accrued, never opened and never authorized.

45. Defendants attempted to collect the debt from the Plaintiff, by commencing litigation in a jurisdiction where the Plaintiff did not reside during the course of their alleged use and occupancy claim against the Plaintiff.

46. Defendants attempted to collect the debt from the Plaintiff, despite being on notice that Plaintiff's identity was compromised to obtain the apartment, but her entreaties fell on deaf ears.

47. Defendants attempted to collect the debt from the Plaintiff, despite admitting to the Plaintiff, a Caucasian female, that the applicant for the apartment was an African American female.

48. Defendants attempted to collect the debt from the Plaintiff, by failing to properly serve a Complaint in the Civil Court Action on the Plaintiff.

49. Defendants attempted to collect the debt from the Plaintiff, by refusing to serve a Complaint in the Civil Court Action on the Plaintiff.

50. Defendants' representations to the Plaintiff prior to the filing of the Civil Court Action and their representations to the court with the filing of the Civil Court Action, are

"communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2).

51. In light of the facts articulated herein, Defendants K&A and Kavulich utilized false and deceptive means to coerce Plaintiff into a paying debt she did not and does not owe.

52. In light of the facts articulated herein, Defendants K&A and Kavulich utilized false and deceptive means in an attempt to oppress and harass Plaintiff into paying the debt she did not and does not owe.

53. In light of the facts articulated herein, Defendants K&A and Kavulich attempted to collect a debt by communicating false representations or utilizing deceptive means.

54. In light of the facts articulated herein, Defendants K&A and Kavulich engaged in collection activity, the purpose of which was to harass the Plaintiff.

55. In light of the facts articulated herein, Defendants K&A and Kavulich attempted to collect a debt by communicating false representations regarding the character, legal status and amount of the alleged debt.

56. In light of the facts articulated herein, Defendants K&A and Kavulich attempted to collect a debt and obtain information about the Plaintiff by communicating false representations or utilizing deceptive means.

57. In light of the facts articulated herein, Defendants K&A and Kavulich engaged in collection activity, by employing unfair and unconscionable means to collect a debt she did not and does not owe.

58. In light of the facts articulated herein, Defendants K&A and Kavulich attempted to collect a debt not authorized by an agreement creating the debt.

59. Defendants K&A and Kavulich's activity on these occasions were a communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10), 1692f, and 1692f(1), amongst others.

60. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, Defendants are liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

61. Defendants' conduct violates GBL § 349(a) in the representations made by the Defendants are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his/her legal rights as required by law.

62. As per NY GBL § 349(a) and as a result of the above violations, Defendants are liable to the Plaintiff for actual damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h) from each and every Defendant herein.

63. Plaintiff commenced this action within one year of the unlawful actions and/or within one year of reasonably knowing of the unlawful actions of Defendants.

***Plaintiff Suffered Actual Harm***

64. A "concrete injury" means that the injury "'must be de facto; that is, it must actually exist. *See Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016).

65. Plaintiff's injuries were actual and specific in the wake of Defendants' actions committed in violation of the FDCPA.

66. Plaintiff suffered concrete and particular damages in that she had to hire an attorney to represent her in the Civil Court Action.

67. Plaintiff suffered actual damages in this matter in that she suffered stress, anxiety, and humiliation resulting in having to navigate the difficult routes to clear her name and defend herself from consequences arising from an unknown fraudsters actions against her.
68. The Plaintiff suffered embarrassment and humiliation as her sense of financial security was shattered when Defendants contacted Plaintiff seeking to collect a debt, they knew the Plaintiff did not accrue and had no obligations to fulfill.
69. Plaintiff suffered actual damages in this matter in that she suffered stress, anxiety, humiliation, seclusion upon intrusion, personal embarrassment, loss of productive time, emotional distress, frustration, anger at having Defendants collect a debt she knew she did not owe.
70. Plaintiff suffered injuries-in-fact, that exist and are fairly discernable to the conduct of the Defendants' violation of the FDCPA.

## **PRACTICES OF DEFENDANTS**

71. It is or was the policy and practice of Defendants K&A and Kavulich to collect or attempt to collect debts by utilizing various deceptive means, i.e, civil litigation.
72. Said practices and policies of Defendants K&A and Kavulich are deceptive representations, which contradicts consumers' rights.
73. That the Defendants K&A and Kavulich intentionally and knowingly and/or carelessly and recklessly attempt to collect debts from consumers by failing to do their due diligence prior to commencing debt collection actions against consumers, for the sole purpose of harassing consumers and coercing payment and collecting debts which they know or should know that the consumers do not owe.

74. That the Defendants K&A and Kavulich intentionally and knowingly and/or carelessly and recklessly attempt to collect debts from consumers by issuing information subpoenas and restraining the property of consumers.

75. That the Defendants K&A and Kavulich intentionally and knowingly and/or carelessly and recklessly attempt to collect debts from consumers that are not authorized by contracts or agreements.

76. Defendants K&A and Kavulich's conduct violate 15 U.S.C. § 1692 et seq., including but not limited to subsections (d), (e) and (f) in the representations made by the Defendants are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his legal rights as required by law.

77. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendants K&A and Kavulich are liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

78. Defendants K&A, Kavulich and BRH conduct violates GBL § 349(a) in the representations made by the Defendants are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his legal rights as required by law.

79. As per NY GBL § 349(a) and as a result of the above violations, Defendants are liable to the Plaintiff for actual damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h) from each and every Defendant herein.

80. Plaintiff was damaged by the Defendants' conduct insomuch as significant economic harm, experiencing worries and concerns and significant emotional harm as a result of Defendants'

conduct in willfully violating the law. The circumstances surrounding the violation make it obvious that a reasonable person would suffer significant emotional harm.

## ALLEGATIONS OF LAW

81. Defendants violated the FDCPA. Defendants' violations include, but are not limited to the following: d, e, and f.

    i. Defendant violated 15 U.S.C. § 1692d by harassing, oppressing and/or abusing the consumer by employing unfair tactics in attempt to collect a debt;

    ii. Defendant violated 15 U.S.C. § 1692e by utilizing false, deceptive and misleading representation to collect a debt;

    iii. Defendant violated 15 U.S.C. § 1692e(2) by making false and misleading representations in connection to the character, amount and legal status of an alleged debt;

    iv. Defendant violated 15 U.S.C. § 1692e(10) by utilizing false representations or deceptive means to collect an alleged debt;

    v. Defendant violated 15 U.S.C. § 1692f by utilizing unfair and unconscionable means to attempt to collect an unfair alleged debt;

    vi. Defendant violated 15 U.S.C. § 1692f (1) by attempting to collect an amount not authorized by an agreement or permitted by law.

82. To the extent that the Defendants attempted to collect a debt from Plaintiff even though Defendants knew or should have known that Plaintiff did not owe the underlying debt and such actions also violated New York State Statutes prohibiting Deceptive Acts and Practices. *See* New York State Code Article 22-A. § 349.

## CLAIMS FOR RELIEF

### COUNT 1 – Violation of § 1692d of the FDCPA against Defendants K&A and Kavulich – Any conduct the natural consequence of which is to harass, oppress, or abuse any person

83. Plaintiff adopts and realleges the foregoing as fully stated herein.

84. Defendants violated 15 U.S.C. § 1692d of the FDCPA by engaging in conduct that harassed, oppressed and/or abused the consumer in their attempt to collect a debt.

85. Defendants knew they lacked the standing and grounds to collect this alleged debt from the Plaintiff, yet they still engaged in collection activity that harassed the Plaintiff.

86. As a result of this conduct of K&A and Kavulich, Plaintiff suffered actual injury in the form of emotional distress, stress, anxiety, humiliation, invasion of privacy, seclusion upon intrusion, personal embarrassment, loss of productive time, emotional distress, frustration, anger, out-of-pocket expenses, as a result of having the illegal collection activity against her for a debt the Defendants knew and she knew she did not owe.

87. Defendants' violation of § 1692d of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.

88. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692d of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, anxiety and humiliation.

89. The Plaintiff is entitled to recover actual damages, costs and attorney's fees from Defendants.

90. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her because Defendants engaged in behavior which was harassing or abusing

to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

**COUNT 2 – Violation of § 1692e of the FDCPA against Defendants K&A and Kavulich – Any other false, deceptive, or misleading representation or means in connection with the debt collection**

91. Plaintiff adopts and realleges the foregoing as fully stated herein.
92. Defendants violated 15 U.S.C. § 1692e of the FDCPA by utilizing false, deceptive and misleading representations to collect an alleged debt.
93. Defendants knew they lacked the standing and grounds to collect this alleged debt from the Plaintiff, yet they still utilized deceptive and misleading representations in their collection activity.
94. As a result of this conduct of K&A and Kavulich, Plaintiff suffered actual injury in the form of emotional distress, stress, anxiety, humiliation, invasion of privacy, seclusion upon intrusion, personal embarrassment, loss of productive time, emotional distress, frustration, anger, out-of-pocket expenses, as a result of having the illegal collection activity against her for a debt the Defendants knew and she knew she did not owe.
95. Defendants' violation of § 1692e of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.
96. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692e of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, anxiety and humiliation.
97. The Plaintiff is entitled to recover actual damages, costs and attorney's fees from Defendants.

98. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

**COUNT 3 – Violation of § 1692e(2) of the FDCPA against Defendants K&A and Kavulich – False or misleading representations in communications regarding character, amount or legal status of the alleged debt**

99. Plaintiff adopts and realleges the foregoing as fully stated herein.

100. Defendants violated 15 U.S.C. § 1692e(2) of the FDCPA by misrepresenting the character, amount or legal status of an alleged debt.

101. Defendants' violations of § 1692e(2) of the FDCPA, include, but are not limited to:

a. Attempting to collect a debt, with knowledge that there was never a business relationship between the Plaintiff and Defendants;

b. By commencing litigation in a jurisdiction where the Plaintiff did not reside during the course of their alleged use and occupancy claim against the Plaintiff; By commencing litigation to collect a fraudulent debt, despite being on notice that Plaintiff's identity was compromised to obtain the apartment;

c. By commencing litigation to collect a fraudulent debt despite admitting to the Plaintiff, a Caucasian female, that the applicant for the apartment was an African American female;

d. And by failing to properly serve a Complaint and refusing to serve a Complaint in the Civil Court Action on the Plaintiff.

102. Defendants intentionally and negligently represented that the alleged debt was a viable account that was to be collected by Defendants and paid to the Defendants. Defendants' actions were false representations of the legal status of the alleged debt.

103. Collecting a debt which is not owing falls under misrepresenting the "character, amount, or legal status" of the debt. *See Finnegan v. University of Rochester Medical Center*, 21 F.Supp.2d 223 (W.D.N.Y. 1998).

104. As a result of this conduct of K&A and Kavulich, Plaintiff suffered actual injury in the form of emotional distress, stress, anxiety, humiliation, invasion of privacy, seclusion upon intrusion, personal embarrassment, loss of productive time, emotional distress, frustration, anger, out-of-pocket expenses, as a result of having the illegal collection activity against her for a debt the Defendants knew and she knew she did not owe.

105. Defendants' violation of § 1692e(2) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.

106. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692e(2) of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, anxiety and humiliation.

107. The Plaintiff is entitled to recover actual damages, costs and attorney's fees from Defendants.

108. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

**COUNT 4 - Violation of § 1692e(10) of the FDCPA against Defendants K&A and Kavulich – Any false representation or deceptive means to collect a debt or obtain information about a consumer**

109. Plaintiff adopts and realleges the foregoing as fully stated herein.

110. Defendants violated 15 U.S.C. § 1692e(10) of the FDCPA by utilizing false representation or deceptive means obtain information about a consumer for a debt.

111. Defendants' violations of § 1692e(10) of the FDCPA, include, but are not limited to:

a. Attempting to collect a debt, with knowledge that there was never a business relationship between the Plaintiff and Defendants;

b. By commencing litigation in a jurisdiction where the Plaintiff did not reside during the course of their alleged use and occupancy claim against the Plaintiff; By commencing litigation to collect a fraudulent debt, despite being on notice that Plaintiff's identity was compromised to obtain the apartment;

c. By commencing litigation to collect a fraudulent debt despite admitting to the Plaintiff, a Caucasian female, that the applicant for the apartment was an African American female;

d. And by failing to properly serve a Complaint and refusing to serve a Complaint in the Civil Court Action on the Plaintiff.

112. Defendants' actions in violation of §1692e(10) were clearly false representations and deceptive means to collect an alleged debt.

113. As a result of this conduct of K&A and Kavulich, Plaintiff suffered actual injury in the form of emotional distress, stress, anxiety, humiliation, invasion of privacy, seclusion upon intrusion, personal embarrassment, loss of productive time, emotional distress,

frustration, anger, out-of-pocket expenses, as a result of having the illegal collection activity against her for a debt the Defendants knew and she knew she did not owe.

114. Defendants' violation of § 1692e(10) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.

115. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692e(10) of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, anxiety and humiliation.

116. The Plaintiff is entitled to recover actual damages, costs and attorney's fees from Defendants.

117. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

118.

**COUNT 5 - Violation of § 1692f of the FDCPA against Defendants K&A and Kavulich – any unfair or unconscionable means to collector attempt to collect the alleged debt**

119. Plaintiff adopts and realleges the foregoing as fully stated herein.

120. Defendants violated 15 U.S.C. § 1692f of the FDCPA by utilizing unfair and unconscionable means to attempt to collect a debt that the Plaintiff.

121. Defendants knew they lacked the standing and grounds to collect this alleged debt from the Plaintiff, yet they still utilized unfair and unconscionable means in their collection activity.

122. As a result of this conduct of K&A and Kavulich, Plaintiff suffered actual injury in the form of emotional distress, stress, anxiety, humiliation, invasion of privacy, seclusion upon intrusion, personal embarrassment, loss of productive time, emotional distress, frustration, anger, out-of-pocket expenses, as a result of having the illegal collection activity against her for a debt the Defendants knew and she knew she did not owe.

123. Defendants' violation of § 1692f of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.

124. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, anxiety and humiliation.

125. The Plaintiff is entitled to recover actual damages, costs and attorney's fees from Defendants.

126. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

**COUNT 6 – Violation of § 1692f(1) of the FDCPA against Defendants K&A and Kavulich – Any collection or attempt to collect any amount not authorized by the agreement creating the debt or permitted by law**

127. Plaintiff adopts and realleges the foregoing as fully stated herein.

128. Defendants violated 15 U.S.C. § 1692f(1) of the FDCPA by attempting to collect an amount not authorized by an agreement and not permitted by law.

129. Defendants' violations of § 1692f(1) of the FDCPA, include, but are not limited to:

a. Attempting to collect a debt, with knowledge that there was never a business relationship between the Plaintiff and Defendants;

b. By commencing litigation in a jurisdiction where the Plaintiff did not reside during the course of their alleged use and occupancy claim against the Plaintiff; By commencing litigation to collect a fraudulent debt, despite being on notice that Plaintiff's identity was compromised to obtain the apartment;

c. By commencing litigation to collect a fraudulent debt despite admitting to the Plaintiff, a Caucasian female, that the applicant for the apartment was an African American female;

d. And by failing to properly serve a Complaint and refusing to serve a Complaint in the Civil Court Action on the Plaintiff.

130. Defendants intentionally and negligently represented that the alleged debt was a viable account that was to be collected by Defendants and paid to the Defendants. Defendants' actions were clearly not permitted by law.

131. As a result of this conduct of K&A and Kavulich, Plaintiff suffered actual injury in the form of emotional distress, stress, anxiety, humiliation, invasion of privacy, seclusion upon intrusion, personal embarrassment, loss of productive time, emotional distress,

frustration, anger, out-of-pocket expenses, as a result of having the illegal collection activity against her for a debt the Defendants knew and she knew she did not owe.

132. Defendants' violation of § 1692f(1) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.

133. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692f(1) of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress, anxiety and humiliation.

134. The Plaintiff is entitled to recover actual damages, costs and attorney's fees from Defendants.

135. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

**COUNT 7 – Violations of the New York General Business Law § 349 against all Defendants**

136. Plaintiff adopts and realleges the foregoing as fully stated herein.

137. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

138. GBL § 349 provides, in relevant part, as follows:

a. *Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.*

And;

*h. In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both*

> *such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendants willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.*

139. It is the regular business practices of Defendants to harass consumers in an abusive manner as a means to pressure the alleged debtor. Defendants engaged in deceptive practices aimed at other New York consumers. Defendants' actions have a broad impact on New York consumers at large.

140. It is the regular business practices of Defendants to: (a) attempting to collect debts with knowledge that there was never a business relationship between the alleged consumers and Defendants; (b) by commencing litigation in a jurisdiction where the alleged consumers did not reside during the course of any alleged use and occupancy claims against the alleged consumers; (c) by commencing litigation to collect fraudulent debts, despite being on notice that the alleged consumers did not accumulate the debts; and (d) by failing to properly serve Complaints and refusing to serve a Complaints on the alleged consumers in legal actions they commenced.

141. Defendants engaged in such deceptive practices aimed at other New York consumers. Defendants' actions have a broad impact on New York consumers at large.

142. By unlawfully harassing Plaintiff, Defendants caused Plaintiff to suffer actual injury in the form of economic harm, emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

143. By unlawfully seeking to collect a debt less than a year prior to the commencement of this instant action from Plaintiff, Defendants caused Plaintiff to suffer actual injury in the

form of economic harm, emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

144. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of New York GBL § 349, Plaintiff was damaged in that she, among other things, suffered actual injury in the form of emotional distress, stress, anxiety, humiliation, invasion of privacy, seclusion upon intrusion, personal embarrassment, loss of productive time, emotional distress, frustration, anger, out-of-pocket expenses, as a result of having the illegal collection activity against her for a debt the Defendants knew and she knew she did not owe.

145. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## **PRAYER FOR RELIEF**

Plaintiff, Lindsay Guerra a/k/a Lindsay Bofman prays that this Court:

a. Declare that Defendants K&A and Kavulich violated the FDCPA;

b. Declare that all Defendants violated New York General Business Law § 349;

c. For an award of actual and treble damages pursuant to 15 U.S.C. § 1692k against Defendants K&A and Kavulich and for Plaintiff;

d. Enter judgment in favor of Plaintiff and against Defendants K&A and Kavulich, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;

e. Enter judgment enjoining each and every Defendant from collecting or attempting to collect any debt alleged to be owed by Plaintiff,

f. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Lindsay Guerra a/k/a Lindsay Bofman demands trial by jury.

Respectfully submitted,

Dated: October 14, 2025

**LAW OFFICE OF ABEL L. PIERRE, ATTORNEY-AT-LAW, P.C.**

Attorney I.D.#AP-5508
140 Broadway, 46th Floor
New York, New York 10005
Telephone: (212) 766-3323
Facsimile: (212) 766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**