# LAW OFFICE OF ABEL L. PIERRE
## ATTORNEY-AT-LAW, P.C.

165 BROADWAY, 23RD FLOOR
NEW YORK, NEW YORK 10006
TEL: (212) 766-3323
FAX: (212) 766-3322
www.apierrelaw.com

April 28, 2026

**_Via ECF_**

Hon. Arun Subramanian, USDJ
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: Guerra v. Kavulich & Associates PC, et al.**
**Case No. 1:25-cv-08472-AS**
**Request for Pre-Motion Conference**

Dear Hon. Subramanian:

This office represents Plaintiff Lindsay Guerra a/k/a Lindsay Bofman in connection with the above-referenced matter. Pursuant to SDNY Local Civil Rule 37.2 and Rule 8 of Your Honor's Individual Practice in Civil Cases, we write to request a pre-motion conference in connection with Plaintiff's anticipated motion to compel discovery pursuant to FRCP 37.

This action involves Plaintiff's claims against Defendants Kavulich & Associates PC and Gary Kavulich (collectively "Defendants Kavulich"), debt collectors, asserting that they violated the Fair Debt Collection Practices Act ("FDCPA") by communicating repeatedly with the Plaintiff regarding a debt that resulted from identity theft, and by commencing a legal action against the Plaintiff, seeking payment said fraudulent debt. Defendants sought to collect from the Plaintiff, a debt she has never accrued, never opened and never authorized.

By way of brief background, Plaintiff was the victim of identity theft. An unknown fraudster obtained and used Plaintiff's personal information to open various accounts and/or leases without permission. Plaintiff was the victim of identity theft. An unknown fraudster obtained and used Plaintiff's personal information to open various accounts and/or leases without permission. Amongst the fraudulent leases opened was for the use and occupancy of an apartment located at 340 Evergreen Street, Brooklyn, New York, 11221 owned by Defendant Bushwick Realty Holdings LLC ("BRH"). Unknown to the Plaintiff, the fraudster apparently defaulted on the lease, and the debt accrued from said default was placed with Defendants Kavulich for collection from the Plaintiff. During their collection attempts, Defendants Kavulich in a communication to the Plaintiff admitted the unknown person who rented the apartment was identified as an African American female who is employed by the City of New York. The Plaintiff is a Caucasian female, who does not maintain employment with the City of New York.

On or about October 31, 2024, BRH, via its attorneys Defendants Kavulich, filed an action against the Plaintiff to recover this alleged debt in the Supreme Court of the State of New York, County of Kings, entitled _Bushwick Realty Holdings LLC v. Lindsay L. Bofman_, Index No.: 529406/2024 ("Civil Court Action"). Any and all signatures

on any document for the use and occupancy for an apartment from BRH are not those of Plaintiff, and Plaintiff did not authorize anyone to sign on her behalf. Plaintiff did not authorize nor consent to the use of her personal information and identification to obtain a lease agreement from any realty company.

Plaintiff filed this instant action on October 14, 2025 [ECF Doc. No. 1], and Defendants filed their answer on January 14, 2026 [ECF Doc. No. 18]. On January 12, 2026, the court entered a civil case management plan and scheduling order, outlining deadlines for the completion of discovery, including the close of all discovery being May 14, 2026. Plaintiff served Defendants with her FRCP 26(a) Disclosures, first request for production of documents, and first request for admission on February 4, 2026. In accordance with FRCP 33, Defendants were to provide their responses to Plaintiff's requests on or before March 6, 2026. Plaintiff received no responses or disclosures from the Defendants.

Defendants have completely failed to cooperate with discovery and to adhere to the court's scheduling order. Plaintiff has made good faith efforts to meet and confer with the Defendants regarding discovery. Plaintiff contacted counsel for Defendants on April 13, 2026, via electronic mail, requesting to meet and confer regarding outstanding discovery and offering three dates and times. 3 dates/times for the meeting. Plaintiff followed up with a telephone call and voice message on April 14, 2026. Plaintiff's efforts have been in vain, as Defendants have failed to respond. We are now at a point where the closure of discovery deadline is fast approaching and Defendants have refused to engage in meaningful discovery or resolving this matter.

In the Second Circuit, there is a strong preference in favor of full and complete discovery. *See Ratliff v. Davis Polk & Wardwell*, 354 F.3d 165, 170 (2d Cir. 2003) (noting "the strong policy considerations favoring full and complete discovery"); *Republic of Turkey v. Christie's, Inc.*, No. 17-cv-3086 (AJN), 2017 WL 3206334, at *3 (S.D.N.Y. July 26, 2017) ("[d]iscovery rules 'are to be accorded a broad and liberal treatment [ ] to effectuate their purpose that civil trials in the federal courts no longer need be carried on in the dark.'")(quoting *Schlagenhauf v. Holder*, 379 U.S. 104, 115 (1964)). So long as the requested information is "competent, material, or relevant," and not privileged, orders compelling their production are appropriate. *See In re Sur. Ass'n of Am., 388 F.2d 412, 415 (2d Cir. 1967). See, e.g., In re Air Crash at Belle Harbor, New York on Nov. 12, 2001, 24*1 F.R.D. 202, 203 (S.D.N.Y. 2007) (granting motion to compel production by nonparty upon finding that documents are not privileged); *Mahulawde v. Fashion Inst. of Tech.*, No. 21-cv-3878 (PAE), 2022 WL 17363589, at *1 (S.D.N.Y. Dec. 1, 2022)(granting motion to compel production by party upon finding that documents are not privileged); *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014) (noting that "redactions of portions of a document are normally impermissible unless the redactions are based on a legal privilege.").

Plaintiff believes that the documents and interrogatory responses Defendants refuse to fully disclose are important to Plaintiff's ability to prove liability, loss causation and calculate damages. Defendants refusing to fully disclose documents and interrogatory responses, can afford no other explanation than it being vital to Plaintiff's case. This clearly meets the minimum hurdle of showing the relevance of the full unredacted document. *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14-cv-9792 (WHP)(JCF), 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015), aff'd, 2016 WL 4530890 (S.D.N.Y. Mar. 24, 2016) ("Relevance is . . . to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense.").

Plaintiff has a substantial need for the information and documents requested and, out of necessity, the Plaintiff must now seek the Court's help in moving forward to complete discovery in a timely manner and preparing this matter for trial.

Based on the above, Plaintiff respectfully requests a conference with the Court to attempt to bring Defendants into compliance with their discovery obligations under the Court's scheduling order, and the rules governing discovery.

Plaintiff further requests leave to attend the conference requested telephonically or virtually.

Plaintiff thanks the Court for its courtesy and consideration in this matter and is available to answer any further questions the Court may have.

Respectfully submitted,

Abel L. Pierre, Esq.
*Counsel for Plaintiff*

cc:
Gary Kavulich, Esq.
Kavulich & Associates PC
Attorneys for Defendants
*(via ECF)*

Defendants are ORDERED to turn over any and all responsive and non-privileged documents, without regard to any objections that might have been raised, by May 15, 2026. Defendants are further ORDERED to cooperate with plaintiff on discovery from here on out, which includes meeting and conferring and not ignoring communications. If any further issues arise, the Court will consider sanctions, which may include holding defendants to be in default.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 19.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: May 1, 2026